UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHANEL LYNN BISTODEAU,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civ. Case No.  4:20-cv-00167-BLW<br>Crim. Case No. 4:17-cr-00100-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Before the Court is Chanel Bistodeau's Petition and Affidavit for Post Conviction Relief. Crim. Dkt. 77; Civ. Dkt. 4. The Court previously construed this petition as a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. Civ. Dkt. 3. The Government opposes the motion. Civ. Dkt. 17. After considering the briefing and the record, the Court will grant the motion.

## BACKGROUND

### A.    Procedural Background

On December 12, 2017, Bistodeau pled guilty to Count One of the Indictment charging her with Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Crim. Dkt. 36. In

the plea agreement Bistodeau waived her right to direct appeal or collateral attack of her conviction or sentence. *Id.*

On March 19, 2018, the Court sentenced Bistodeau to the mandatory minimum sentence of 84 months imprisonment followed by 5 years of supervised release. *Judgment* at 2-3, Crim. Dkt. 56. The Court did not address whether her federal sentence should run concurrent or consecutive to a state sentence she was serving. On March 23, 2018, Bistodeau filed a notice of appeal. Crim Dkt. 60. Bistodeau eventually filed a motion for voluntary dismissal and the Ninth Circuit entered judgment dismissing her appeal on June 15, 2018. Crim. Dkt. 74.

On September 13, 2018, Bistodeau filed a Petition and Affidavit for Post Conviction Relief. Crim. Dkt. 77. In her petition, Bistodeau argues that her conviction or sentence were in violation of the Constitution of the United States. She also argues that she received ineffective assistance of counsel because her counsel failed to explain the risks of her plea agreement and failed to raise objections and evidence at her sentencing. *Bistodeau Aff.* at 1, Dkt. 77-1. Finally, she alleges that there is newly discovered evidence which supports her conviction being vacated.

On March 27, 2020, Bistodeau filed a 2255 motion.[1] Crim. Dkt. 87, Civ. Dkt. 1. The Court found that the 2255 motion was barred by the statute of limitations and dismissed it. Crim. Dkt. 88. However, the Court recharacterized Bistodeau's petition for post-conviction relief as a § 2255 motion. *Id.* The Court allowed her to file an amended petition to more fully describe the potential grounds for relief.

On May 11, 2020 the Court received Bistodeau's memorandum in support of her 2255 motion. She alleges that defense counsel was ineffective for failing to file a motion to suppress evidence related to the search of her codefendant's vehicle. Bistodeau's counsel had filed a motion to suppress, arguing that the officer who stopped the vehicle Bistodeau was riding in did so without reasonable suspicion. Crim. Dkt. 27. Bistodeau's counsel subsequently withdrew the motion to suppress based on ongoing plea negotiations. Crim. Dkt. 28.

On July 10, 2020, the Court received Bistodeau's amended 2255 motion.[2]

---

[1] The 2255 motion was filed by both Bistodeau and her codefendant, Nicholas Olsen, as a joint motion. The Court dismissed the motion as to Olsen, finding it was barred by the statute of limitations. Olsen filed a motion for reconsideration, which the Court Granted. *See* Crim. Dkt. 91. The Government responded to Olsen's 2255 motion and the Court denied it. Crim. Dkt. 94.

[2] On June 1, 2020, the Court received a letter from Bistodeau requesting that she be allowed to complete RDAP. Civ. Dkt. 6. The Court construes this letter as a motion to participate in RDAP. Bistodeau states that the 2-level enhancement for possession of a firearm in her PSR (Continued)

Civ. Dkt. 7. In her amended motion, Bistodeau argues that her defense counsel was ineffective for: 1) failing to investigate the facts underlying the 924(c) enhancement; 2) providing erroneous advice regarding her eligibility for RDAP; and 3) failing to ask that her federal sentence run concurrent to the state sentence she was currently serving, even though he had told her the federal sentence would run concurrent.

### B.    Change of Plea Hearing

On December 20, 2017, the Court held Bistodeau's change of plea hearing. Bistodeau stated that she had had adequate time to discuss the case with her attorney and was satisfied with his representation. *Transcript* at 7, Dkt. 90. The Court explained the sentencing guidelines and advised Bistodeau that they were advisory, to which she stated she understood. *Id.* 8-9. The Court also advised her of the 10-year mandatory minimum sentence that it must impose, absent exceptions. Bistodeau stated that she understood and had "gone over that quite a bit" with her attorney. *Id.* at 14. Bistodeau also stated that she understood that her federal

---

prevents her from being eligible for RDAP. The Court recommended that Bistodeau be allowed to complete RDAP. Whether an inmate is eligible for RDAP is within the discretion of the BOP and the Court has no authority to order that BOP allow her to participate RDAP. Further, the Court has no authority to amend her presentence report to remove the 2-level enhancement after sentencing. Accordingly, the Court will deny Bistodeau's motion to complete RDAP. However, because the Court will grant her 2255 motion and resentence her, her counsel may raise this issue at sentencing.

sentence may run consecutive to any other sentence which had been or may be imposed. *Id.*

As part of the factual basis, the Government stated that methamphetamine and firearms were found in the vehicle in which Bistodeau had been sitting. *Id.* at 19-20. The Government also stated that when police arrested Bistodeau, and her codefendant, they found them hiding in a motel room with another firearm. *Id.* at 20. Bistodeau stated that she agreed with the Government's factual recitation. *Id.* at 20-21.

The Court inquired if Bistodeau had thoroughly reviewed the plea agreement with her attorney. *Id.* at 23. She stated that she had and that her attorney had answered all of the questions she had. Bistodeau stated that no one had made her any promises beyond those in the plea agreement. *Id.* at 24. She also stated that no one had made any predictions or promises as to what her sentence would be. *Id.* at 26.

### C.      Sentencing Hearing

On March 19, 2018, the Court held Bistodeau's sentencing hearing. The Presentence Investigation Report (PSR) held Bistodeau responsible for 267 grams of actual methamphetamine, 5 grams of methamphetamine mixture, and 4 grams of heroin, resulting in a base offense level of 32. Crim. Dkt. 44. The PSR applied a 2-

level enhancement for possession of a firearm based on the firearms found in the

vehicle Bistodeau fled from, and the firearm found in the hotel room where

officers arrested her. Bistodeau received a 3-level reduction for acceptance of

responsibility and a 2-level reduction under section 5K1.1. This resulted in an

adjusted offense level of 29. The PSR calculated Bistodeau's criminal history

category as IV, resulting in a guideline range of 121 to 151 months.

Defense counsel objected to the criminal history calculation, to the lack of a

reduction for minor role in the offense, and to the 2-level enhancement for

possession of a firearm. *See* Crim. Dkt. 44-1. The Court overruled these objections.

*Transcript* at 13, Crim. Dkt. 69.

The Court reduced Bistodeau's mandatory minimum to 84 months based on

the Government's § 3553(e) motion. *Id.* at 5-6. After hearing arguments of counsel

and considering the § 3553(a) factors the Court sentenced Bistodeau to 84 months

incarceration. *Judgment*, Crim. Dkt. 56. The Court recommended credit for time

served and recommended she be allowed to participate in the RDAP program. *Id.*

### D.  Bingham County Case No. 2016-6286

On June 12, 2017, Bistodeau was sentenced to 7 years' incarceration in

Bingham County Case No. 2016-6286 for possession of a controlled substance.

*PSR* ¶ 29, Dkt. 44. At the time of her federal sentencing there was a detainer

related to this case. *Id.* at 1. Prior to sentencing defense counsel objected to 3 criminal history points being assessed for this conviction, arguing the sentence had been suspended, but withdrew that objection at the sentencing. *Id.* at 16. The PSR indicated that the Bingham County court imposed a seven-year prison sentence with no fixed term of confinement, thus Bistodeau was eligible for parole. The PSR also noted that Bistodeau had a detainer for this conviction.

It appears from BOP records, that Bistodeau was in federal custody pending trial and sentencing in her federal case from April 15, 2017 until April 11, 2018. Civ. Dkt. 6 at 2. On April 12, 2018 her custody was transferred to the State of Idaho for her to begin serving her sentence in Bingham County Case No. 2016-6286. Bistodeau states, and the record supports, that she completed the sentence in 5 months through the CAPP Program. *Id.* She was paroled from her state sentence on September 20, 2018 and began serving her federal sentence on September 21, 2018.

Although the Court, probation officer, and counsel were all aware of this pending state sentence no one inquired whether the federal sentence should run concurrent or consecutive. The Judgment does not address the issue. Because the judgment is silent the BOP will not credit Bistodeau with the time she spent in state custody toward her federal sentence. *Id.* at 8.

## LEGAL STANDARD

### A.     28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides four grounds under which a federal court

may grant relief to a federal prisoner who challenges the imposition or length of

his incarceration: (1) "that the sentence was imposed in violation of the

Constitution or laws of the United States;" (2) "that the court was without

jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the

maximum authorized by law;" and (4) that the sentence is otherwise "subject to

collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing § 2255 Proceedings, provides that a

federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears

from the motion, any attached exhibits, and the record of prior proceedings that the

moving party is not entitled to relief." "Under this standard, a district court may

summarily dismiss a § 2255 motion only if the allegations in the motion, when

viewed against the record, do not give rise to a claim for relief or are 'palpably

incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-

63 (9th Cir. 2011) (citation omitted).

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the

Government "to file an answer, motion, or other response within a fixed time, or to

take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then determines under Rule 8 whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazier v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *Withers*, 638 F.3d at 1062.

**B.    Ineffective Assistance of Counsel**

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington,* 466 U.S. 668 (1984). There is a strong presumption that counsel's performance falls "within the wide range of reasonable professional

assistance." *Id.* at 689. "When a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017). (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir.2005) (*quoting Strickland*, 466 U.S. at 687).

## ANALYSIS

Taking Bistodeau's petition, amended petition, and other motions together, she seeks to receive credit for the time she was in state custody toward her federal sentence and be allowed to participate in the RDAP program. Essentially, she argues that if she knew she would not have been eligible for RDAP she would not have entered a plea of guilty.[3] Further, she argues that counsel was incompetent for

---

[3] Bistodeau makes several other unsupported arguments in her original petition and the subsequent 2255 motion. The Court has carefully reviewed these arguments and finds that they are without merit or were waived by her plea agreement.

failing to request that her federal sentence run concurrent with her state sentence.

Bistodeau argues that counsel was incompetent for failing to investigate the § 924(c) enhancement to her sentence and for failing to investigate whether she would be eligible for RDAP. Both of these arguments are without merit. Bistodeau received a 2-level enhancement under § 2D1.1(b)(1) of the sentencing guidelines, not § 924(c). Her counsel objected to this enhancement at the sentencing and the Court overruled the objection. At her change of plea Bistodeau stated that she was satisfied with her counsel and that no one had made any promises or predictions to her. Simply put, she has not demonstrated that counsel's performance was deficient or that she was prejudiced for these perceived failures.

Bistodeau has, however, stated a claim for relief regarding counsel's failure to request that her federal sentence run concurrent to her state sentence. *See United States v. Truesdale*, 2020 WL 1877961 (D. Idaho April 15, 2020). The Bingham County sentence was imposed while Bistodeau was on a federal detainer in her underlying federal criminal case. At the time of her federal sentencing she had not served any time on the state sentence. While counsel raised objections to the criminal history points assessed for this state sentence, he did not request that the federal sentence run concurrent.

Starting with the prejudice prong first, the Court finds that Bistodeau has

demonstrated prejudice. If counsel had raised the issue at any point during the sentencing hearing, it is likely that the Court would have imposed a concurrent or at least partially concurrent sentence. The sentence satisfaction date for her state sentence is April 13, 2024, so there was a possibility that she could still be in state custody today. Bistodeau was fortunate that she was paroled from the state sentence after only 5 months and was able to begin serving her federal sentence. But, at the time of sentencing there was no way to know how soon Bistodeau would be paroled from her state sentence. And, her federal release date is now 5 months later than it would have been if her federal sentence had been run concurrent.

The Court finds that Bistodeau has demonstrated prejudice. She spent 5 months in state custody without the Court ever considering whether it should run concurrent to her federal sentence. Even if there were aggravating circumstances which the Government could have used to argue for a consecutive sentence, Bistodeau was denied the opportunity to challenge that argument.[4]

The Court also finds that defense counsel performed deficiently by failing to

---

[4] The Court doubts the Government would have raised any serious aggravating factors considering that, at Bistodeau's sentencing, the Government recognized there were mitigating circumstances but argued for a within guidelines sentence. Dkt. 69 at 8-9.

request that Bistodeau's federal sentence run concurrent to her state sentence. Defense counsel objected to the PSR's assessment of 3 criminal history points for the Bingham County conviction, then withdrew the objection at sentencing. Defense counsel never requested – either in the sentencing memorandum or at sentencing – that the federal sentence run concurrent. This is despite being aware that Bistodeau still had potentially significant time to serve on her state sentence. Defense counsel had ample opportunity to bring the issue directly to the Court's attention. At the sentencing hearing defense counsel argued that Bistodeau be given a low end of the guidelines sentence and asked the Court to recommend a placement that may let her live near her son. Never was the state sentence addressed beyond the withdrawn objection. To be sure, defense counsel was not the only one who should have raised the issue, both the Court and probation were also aware of the underlying state sentence. Simply put, all of the checks that are supposed to ensure nothing is overlooked failed.

Defendants rely on their attorney to prevent this sort of failure. Plus, it is error for a district court to impose a consecutive sentence without adequately explaining its reasons. *See United States v. Conkin*, 9 F.3d 1377 (9th Cir. 2005) ("The district court's failure to expressly state in open court with adequate specificity the reasons for its sentencing decision [specifically regarding the

decision to impose a consecutive sentence], violates 18 U.S.C. § 3553(c).”). Given that, counsel surely should have spoken up, and his failure to do so resulted in deficient performance under *Strickland*. The Court will therefore grant Bistodeau’s motion.

When a court grants a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, the statute provides that the court “shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.” 28 U.S.C. § 2255(b). The statute thus establishes a two-step process. First, the court must “vacate and set the judgment aside.” *Id*. Second, the court must choose from among four distinct remedies: (1) discharge the prisoner; (2) resentence the prisoner; (3) grant the prisoner a new trial; or (4) correct the prisoner's sentence. *Id*.

Here Bistodeau does not ask for an entirely new sentence. Instead, she asks the Court to reduce her sentence or give her credit for the time she spent in state custody. *See* Crim. Dkt. 77; Civ. Dkt. 6. The Court will not, however, simply order that the sentence be amended to impose a concurrent or partially concurrent sentence since doing so would deprive the Government of its right to argue that the sentence should be consecutive. Accordingly, the Court will vacate the judgment and conduct a new sentencing hearing.

# ORDER

**IT IS ORDERED that:**

1.  Chanel Lynn Bistodeau's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Crim. Dkt. 77 and Civ. Dkt. 7) is GRANTED.

2.  The Court will vacate the judgment in the criminal case and order that Ms. Bistodeau be resentenced.

3.  The Clerk shall appoint counsel for Ms. Bistodeau.

4.  Bistodeau's Motion to Participate in RDAP (Civ. Dkt. 6) is DENIED.

5.  Bistodeau's Motion to Appoint Counsel (Crim. Dkt. 92) is MOOT.

DATED: April 19, 2021

B. Lynn Winmill
U.S. District Court Judge